## THE E. LUCKENBACH.

(District Court, E. D. New York. August 5, 1902.)

1. TOWAGE—LOSS OF TOW—NEGLIGENCE OF TUG.

The passage of Hell Gate by a large tug having two barges on each side is so perilous as to require both skill and favorable opportunity, and the choice by the master of making it in a dense fog, when there was opportunity to lay up in a safe harbor after the fog came on, was not justified by ordinary prudence, and renders the tug liable for the loss of one of the barges by striking on the rocks, caused by the failure to catch the proper tide.

In Admiralty. Suits against tug to recover for loss of a tow and her cargo.

Carpenter & Park, for libelants.
James J. Macklin, for claimant.

THOMAS, District Judge. On the 17th day of May, 1900, the tug Luckenbach, a powerful vessel, with four barges, two on either side, left a point in New Jersey, at about 5 o'clock p. m., bound through the Gate in the East river. The day had been overcast, but the captain of the tug testified that it was not until he reached Fifty-Second street, passing on the northerly side of Blackwell's Island, that the fog, concededly heavy, came; that thereupon the tug was put at half speed; that at Seventy-Sixth street the fog lifted or lightened to such an extent that he could see the east light of Blackwell's Island, as well as the light on Hallett's Point, and that thereupon he continued his course through the Gate, but missed the true tide, was carried to leeward, so that the starboard quarter of the outer starboard barge struck on Steep Rocks, and received such damage that she was shortly afterwards cut loose and sunk. The first entitled action is for loss of cargo, and the second action is for the loss of the barge and loss of her master's personal effects.

The contention of the captain of the tug is that, although the fog shut in so that he could not see more than 300 feet ahead, yet that the fog lightened up when he was at Seventy-Sixth street, so that he could see Hallett's Point light, and he concluded that it was prudent to make a passage through the Gate, and that it was not necessary for him at that time to attempt to make a landing either around the Hook on the New York shore, or, perchance, on the Astoria shore, and that it was when he was about abeam of the Blackwell's Island light that the fog shut in so heavily again that he was unable to catch the proper tide to carry him through the Gate. By his direction the mate took his station on the forward part of the port barge, attempting to find the rift that comes down from the Harlem river, but the fleet was not kept far enough towards Ward's Island to discover it. Even after the tug had passed Blackwell's Island lights, he could have laid up at the power house, where there was an eddy tide. When the fog shut in, the tug should have attempted to make a landing on the northerly side of the East river, or gone into the Harlem river, or, if it continued until the fog became dense after

passing Blackwell's Island, it should have attempted to lay up at the power house.

The careful argument of the claimant, that the master was a skilled navigator, that he was the best judge of the prevailing conditions, and that his discretion should not be reviewed, is not without force, but if applied in every instance would excuse the master at all times. The passage of Hell Gate is so perilous as to require skill and favorable opportunity, and the choice of making it in a dense fog, when the alternative was lying up in a safe place, does not seem justified by ordinary prudence. To attempt unnecessarily a passage, where the failure to discover a particular tide invites destruction, demands peculiar criticism.

The libelants should have decrees for damages and costs.